# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-459V
### Filed: April 12, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SANDRA E. WILLIAMS, Trustee of the | * | |
| Williams Family Trust, on behalf of her | * | |
| Deceased husband | * | |
| RICHARD WILLIAMS, | * | |
| | * | |
| Petitioner, | * | Dismissing Her Petition; Influenza ("Flu") |
| | * | Vaccine; Guillain Barre Syndrome |
| v. | * | ("GBS"); Insufficient Proof of Causation; |
| | * | Vaccine Act Entitlement; |
| SECRETARY OF HEALTH AND | * | Denial Without Hearing |
| HUMAN SERVICES, | * | Special Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.*
*Colleen Hartley, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION [1]

**Dorsey**, Chief Special Master:

On April 11, 2016, Sandra Williams, trustee on behalf of the Williams Family Trust, on behalf of her deceased husband Richard Williams ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program").[3]  Petitioner alleges that Mr.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

Williams suffered from Guillain Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccination he received on October 7, 2014.  Petition at ¶¶ 1-11.  The information in the record does not show entitlement to an award under the Program.

On April 6, 2017, petitioner moved for a decision dismissing the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.  (ECF No. 26).  "[a]lthough [petitioner] feels very strongly about what she witnessed with Richard Williams, an investigation of the facts and science supporting the case as medical records have been received and two experts consulted has demonstrated to Petitioner that she will likely be unable to prove that she is entitled to compensation in the Vaccine Program."  *Id.* at 2.  Petitioner further stated that she "understands that a decision by the [undersigned] dismissing her petition will result in a judgment against her.  She has been advised that such a judgment will end all of her rights in the Vaccine Program."  *Id.*

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that she suffered an injury that was actually caused by a covered vaccine.  <u>See</u> §§ 13(a)(1)(A) and 11(c)(1).  Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone.  Rather, the petition must be supported by either the medical records or by a medical opinion.  § 13(a)(1).  In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine.  For these reasons, and in accordance with § 12(d)(3)(A), **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.